IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | FILED: MARCH 21, 2008 |
| v. | ) ) | Case No. 08CV1684   RCC |
| CITIZENS FINANCIAL GROUP, INC., a foreign corporation, and CHARTER ONE, | ) ) ) ) | JUDGE GOTTSCHALL MAGISTRATE JUDGE NOLAN |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, § 1446, §1453, and the Class Action Fairness Act of 2005, Pub. L. 109–2, § 3, 118 Stat. 5 (Feb. 18, 2005) (codified at 28 U.S.C. § 1332(d) ("CAFA"), defendants Citizens Financial Group, Inc. ("CFG") and Charter One Bank, National Association ("Charter One"),[1] remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. Removal to this Court is proper because: (1) this Court has original jurisdiction over this case; and (2) the United States District Court for the Northern District of Illinois, Eastern Division is the district and division embracing

---

[1] Although the complaint lists the defendants as Citizens Financial Group, Inc., and Charter One, the name of the entity that issued the gift card was Charter One Bank, National Association. Accordingly, for the purposes of this action, the proper name of the defendant is Charter One Bank, National Association. (*See* Ex. A, Complaint at ¶ 5 ("[t]his card is the property of Charter One Bank, N.A.").) For the Court's reference, as of September 1, 2007, Charter One Bank, National Association, merged into RBS Citizens, National Association, and therefore no longer exists as an independent legal entity.

the place where the state court litigation is pending. As grounds for removal to this Court, CFG and Charter One state the following:

1. In December 2007, plaintiff Green, on behalf of himself and those similarly situated, filed a civil action against CFG and Charter One in the Circuit Court of Cook County, Illinois. The civil action is pending as Case Number 07 CH 36545. Plaintiff served CFG and Charter One with a copy of the complaint and summons on February 22, 2008. A copy of the complaint and summonses filed in state court in this matter are attached as Exhibit A.

2. Plaintiff Green, on behalf of himself and those similarly situated, alleges that CFG and Charter One acted improperly when they collected administrative or dormancy fees that reduced the balance of plaintiff's Charter One gift card. (Ex. A, Complaint, at ¶¶ 10–15.) The putative nationwide class is comprised of "[a]ny and all persons and entities who received a gift card from either Defendant to be used for future purchases which cash was wrongfully converted, taken and commingled into the general funds of the Defendants then used by them for their own benefit." (*Id*. at ¶ 17.)

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because CFG and Charter One have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. CAFA applies to all civil actions that were commenced "on or after" February 18, 2005, the date CAFA was enacted. P.L. 109-2, § 9. Accordingly, CAFA applies to this action.

*This Court has Original Jurisdiction Over this Action*

5. Under CAFA, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

6. This case meets each of the requirements under CAFA for conferring original federal jurisdiction for the following reasons.

(a) *Diversity Requirement*. According to the complaint, plaintiff is a resident of the state of Illinois. (Ex. A, Complaint, at ¶ 1.) Defendant Charter One's main office is located in Ohio and therefore Charter One is a citizen of Ohio for the purposes of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the State in which its main office is located). Defendant CFG is a Rhode Island corporation with its principal place of business in Rhode Island. Therefore, because the plaintiff alleges that he is a citizen of Illinois and neither defendant is an Illinois citizen, this action satisfies CAFA's minimal threshold requirement that any member of the plaintiff's class be a citizen of a state "different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

(b) *Amount in Controversy*. Upon information and belief, the amount in controversy exceeds CAFA's $5,000,000 threshold for original federal jurisdiction. For a class action, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6).

   (i) The plaintiff's complaint is silent as to the exact amount of damages sought by the putative class. Rather, the complaint asks the Court to award "Plaintiff and class plaintiffs damages in the amounts converted by the Defendants plus interest and punitive damages and such other relief as fair and just under the circumstances." (Ex. A, Complaint, at p. 6.)

   (ii) Nevertheless, the jurisdictional amount in this case is met based on plaintiff's claims. Here, plaintiff states that there are "thousands of persons in Illinois and the other states where the Defendants do business who are members of the Plaintiffs' putative class." (*Id*. at ¶ 18.) Even though each individual plaintiff's claims may be relatively small, Charter One has collected more than $5,000,000 in revenue from gift card fees over the years that it has been issuing gift cards. Thus, the amount in controversy in this action satisfies the $5,000,000 threshold for original federal court jurisdiction.

3

7.  Additionally, there are no bases for this Court to decline jurisdiction over this action. CAFA permits a court to exercise its discretion to decline jurisdiction "in the interest of justice and looking at the totality of the circumstances" only if, *inter alia*, "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and* the primary defendants are citizens of [Illinois]." 28 U.S.C. § 1332(d)(3) (emphasis added). Here, neither CFG nor Charter One is a citizen of Illinois and thus there is no discretionary basis for the Court to decline to exercise its jurisdiction over this properly removed class action.

*The Northern District of Illinois, Eastern Division, is the District and Division Embracing the Place Where the Action is Pending*

8.  This action was filed in the Circuit Court of Cook County, Illinois. The United States District Court for the Northern District of Illinois, Eastern Division serves Cook County, Illinois, and therefore is the proper Court to which this action should be removed.

*This Notice of Removal Is Timely*

9.  Title 28 U.S.C. § 1446(b) requires that any notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, plaintiff effected service of the summons and complaint on February 22, 2008. Accordingly, this Notice of Removal is filed within the time period provided by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the thirty day removal period does not begin until defendants have been served with a copy of the summons and complaint).

*Defendants Have Complied With All Other Procedural Requirements For Removal*

10. Both CFG and Charter One join in this removal notice.

11. In accordance with 28 U.S.C. § 1446(d), CFG and Charter One will promptly, with the filing of this Notice of Removal, notify plaintiff that this case has been removed to this Court. Moreover, CFG and Charter One will promptly, with the filing of this Notice of Removal, file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

12. Other than the summonses and copies of the complaint, CFG and Charter One have not been served with any other pleadings or orders in the state court action.

Respectfully submitted this 21st day of March, 2008.

                                            s/Barry E. Fields
                                    Barry E. Fields, P.C. (IL Bar 6206913)
                                    Michael D. Foster (IL Bar 6257063)
                                    Sarah P. Herlihy (IL Bar 6286391)
                                    KIRKLAND & ELLIS LLP
                                    200 East Randolph Drive
                                    Chicago, Illinois 60601
                                    Tel:  (312) 861-2000
                                    Fax:  (312) 861-2200

                                    *Attorneys for Defendants Citizens Financial Group, Inc. and Charter One*

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| ROBERT GREEN, individually, and on behalf of all others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) No. 07 CH 36545 <br> ) |
| CITIZENS FINANCIAL GROUP, INC, a foreign Corporation and CHARTER ONE, | ) <br> ) <br> ) |
| Defendants. | ) |

### FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES, the plaintiff ROBERT GREEN, individually and on behalf of all persons similarly situated, by Robert Holstein of HOLSTEIN LAW OFFICES, LLC, and alleges as follows:

1. Robert Green is a resident of Cook County, Illinois.

2. Defendant Charter One Bank, a part of Defendant Citizens Financial Group, Inc., is a duly licensed bank doing business in Cook County, Illinois with several retail outlets throughout the City of Chicago and its suburbs.

3. Defendant Charter One Bank also maintains retail banking facilities in various other cities and states in the United States.

4. In 2004, during the Christmas / Hanukkah season, the plaintiff was presented with a gift by mail from a relative. The gift was forwarded to the plaintiff by United States Postal Service. The gift consisted of a plastic debit card

#5107362471900246 valid thru 12/05 bearing the word "Master Card" with the Master Card logo and the name "Charter One Bank" and the words "Gift Card" and "Gift Card Customer". See below. Charter One Bank is part of Citizens Financial Group.



5. Upon receipt of the card, plaintiff signed the back of the card. The back of the card states"This card is the property of Charter One Bank, N.A. It is non-transferable and can be cancelled at any time without prior notice. By using the card, the holder agrees to all terms under which it was issued and any amendments thereto. See below.



6. That no conditions, restrictions, charges, costs or limitations other than the expiration date of the ability to present the plastic card for cash up to the amount of the gift, in this case, $30.00.

7. Plaintiff and putative class Plaintiffs utilized the gift for a $13.17 purchase on December 20, 2005.

8. On December 21, 2005, Plaintiff called the toll free 888 number for the amount remaining gift credit he had on the gift account, in view of his being denied a purchase with the identifying card in the amount of $15.00.

9. At the time he was told that his only purchase was for $13.17. However, his gifted credit balance was only $4.33.

10. Upon further inquiry the Plaintiff was informed for the first time that his gift credit balance had been converted by the Defendants in the amount of $13.70 to their own accounts for their own.

11. Upon the expiration of the card on December 31, 2005, the Defendants converted the Plaintiff's remaining balance to their own use and purposes.

12. That all times herein the Defendants were constructive trustees and/or fiduciaries of the Plaintiffs funds which had been gifted to him by the donor, the purchase of the gift card at the time of the Plaintiff's receipt of the gift card.

13. That as a constructive trustee, the Defendants had no right to invade the principal amount of Plaintiff's gifted property.

14. That the Defendants, as constructive trustees of Plaintiff's funds owed the Plaintiff a fiduciary duty to protect Plaintiff's funds and to pay interest on the deposited funds.

15. Contrary to their fiduciary duty and in violation thereof, the Defendants, unknown to Plaintiff, converted Plaintiff's funds to its own use.

## CLASS ALLEGATIONS

16. This action is brought pursuant to Illinois Code of Civil Procedure which provides that a case may be brought as a class action if:

   (1) The class is so numerous that joinder of all members is impracticable.

   (2) There are questions of fact or law common to the class.

   (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

   (4) The representative parties will fairly and adequately protect the interests of the class.
   [735 ILCS 5/2-801].

### Class Definition

17. The Plaintiffs' class definition is as follows:

"Any and all persons and entities who received a gift card from either Defendant to be used for future purchases which cash was wrongfully converted, taken and commingled into the general funds of the Defendants then used by them for their own benefit."

### Numerosity

18. Class adjudication is superior to all other available methods for adjudication of this controversy, in that there are thousands of persons in Illinois and the other states where the Defendants do business who are members of the Plaintiffs' putative class. The Plaintiffs' class is so numerous that joinder of all members is impracticable.

### Adequacy of Counsel

19. Attorneys for the Plaintiffs are competent, qualified, experienced and generally able to prosecute this action on behalf of the Plaintiffs class, as the attorneys for Plaintiffs have extensive experience successfully prosecuting complex commercial class action lawsuits.

### Common Questions of Facts and Law

20. Common questions of law or fact include:

(a) Whether the defendants are constructive trustees of all funds deposited with it for the purpose of future use by plaintiff and putative class plaintiffs and as such does defendant owe plaintiff and class plaintiffs fiduciary duties as to their funds;

(b) Whether the defendants permanently converted its deposited money for its own use by an unlawful taking.

(c) Whether a fluid form of class relief is uniquely appropriate;

(d) Whether the defendants are being unjustly enriched;

(e) Whether the defendants violated consumer protection statutes in the States wherein they sold the gift cards;

(f) Whether the plaintiff and the members of the plaintiff's class are entitled to punitive damages, and, if so, the nature and extent of such damages;

(g) Whether plaintiff and members of the plaintiff's class are entitled to an award of reasonable attorneys' fees, prejudgment interest, post-judgment interest and costs of suit;

(h) Whether the defendants' practice herein described should be permanently enjoined.

### Representative Party

21. The claims of the representative Plaintiff are typical of the claims of the class. Representative Plaintiff Green, like all the other Putative Class Plaintiffs, is a member / customer of Defendant Citizens Financial Group, Inc. and Charter One.

22. Plaintiff and all members of the Plaintiffs' Class sustained damages. The financial losses of each member of the class have been directly caused by Defendant Citizens Financial Group, Inc. and Charter One's conduct.

23. The representative Plaintiff will fairly and adequately protect the interest of the class, as he is a member of the class. All class members will receive proper, efficient and appropriate protection of their interests by the representative Plaintiff.

WHEREFORE, Plaintiffs, individually and on behalf of all putative class plaintiffs pray for judgment in their favor and against Citizens Financial Group, Inc. and Charter One and for the following relief:

1) Certify this matter as a national class action and appoint Plaintiffs' counsel as class counsel.

2) Award Plaintiff and class plaintiffs damages in the amounts converted by the Defendants plus interest and punitive damages and such other relief as fair and just under the circumstances.

Plaintiff ROBERT GREEN, individually and on behalf of all others similarly situated,

By: *[signature: Robert A. Holstein]*

Robert A. Holstein
HOLSTEIN LAW OFFICES, LLC
100 West Monroe, Suite 1300
Chicago, Illinois 60603
(312) 906-8000
Atty. No. 38883

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |
| SUMMONS | ALIAS-SUMMONS |

(7-90)CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

**ROBERT GREEN**, individually, and on behalf of all others similarly situated, )
)
)
Plaintiff, )
)
vs. )  No. 07 CH 36545
)
**CITIZENS FINANCIAL GROUP, INC**, a foreign Corporation and **CHARTER ONE**, )
)
)
Defendants. )

**PLEASE SERVE:**   See Back Page

## ALIAS SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* (see below), Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2008

FEB 2 0 2008

Clerk of Court   BROWN

| | | |
|---|---|---|
| Name | HOLSTEIN LAW OFFICES. LLC | |
| Attorney for | Plaintiff | Date of service: _____, 2008 |
| Address | 19 S. LaSalle, Suite 1500 | (To be inserted by officer on copy left |
| City | Chicago, IL 60603 | with defendant or other person) |
| Telephone | (312) 906-8000 | |
| Atty No. | 38883 | |

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Law Division Room 801
*Chancery-Divorce Division 802
County Division Room 801
Probate Division Room 1202

CITIZENS FINANCIAL GROUP, INC.
c/o   Sarah P. Herlihy
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, Illinois 60501

CHARTER One
c/o   Sarah P. Herlihy
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, Illinois 60501

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |
| SUMMONS | ALIAS-SUMMONS |

(7-90)CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

**ROBERT GREEN**, individually, and on behalf )
of all others similarly situated, )
)
)
Plaintiff, )
)
vs. )　　No. 07 CH 36545
)
**CITIZENS FINANCIAL GROUP, INC**, a foreign )
Corporation and **CHARTER ONE**, )
)
)
Defendants. )

**PLEASE SERVE:**　　See Back Page

### ALIAS SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* (see below), Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 2 0 2008

WITNESS DOROTHY BROWN, 2008
CLERK OF CIRCUIT COURT

_____
Clerk of Court

| | | |
|---|---|---|
| Name | HOLSTEIN LAW OFFICES. LLC | |
| Attorney for | Plaintiff | Date of service: _____, 2008 |
| Address | 19 S. LaSalle, Suite 1500 | (To be inserted by officer on copy left |
| City | Chicago, IL 60603 | with defendant or other person) |
| Telephone | (312) 906-8000 | |
| Atty No. | 38883 | |

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Law Division Room 801
*Chancery-Divorce Division 802
County Division Room 801
Probate Division Room 1202

CITIZENS FINANCIAL GROUP, INC.
c/o   Sarah P. Herlihy
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, Illinois 60501

CHARTER One
c/o   Sarah P. Herlihy
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, Illinois 60501