IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CDY**

| | |
|---|---|
| **ROBERT GREEN**, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 08 CV 1684 |
| **CHARTERONE BANK, NATIONAL ASSOCIATION**, a foreign corporation, also known as and doing business as **RBS CITIZENS, NATIONAL ASSOCIATION**, foreign corporation, ) ) ) ) ) ) | Judge Joan Gottschall  Magistrate Judge Nolan  JURY DEMANDED |
| Defendant. ) | |

**AMENDED CLASS ACTION COMPLAINT**

NOW COMES, the plaintiff ROBERT GREEN, individually and on behalf of all persons similarly situated, by Robert Holstein of HOLSTEIN LAW OFFICES, LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1.  Robert Green is a resident of Cook County, Illinois.

2.  Defendant Charter One Bank, National Association is currently doing business under that name but is in fact owned and operated by RBS Citizens, National Association, is a duly licensed bank doing business in Cook County, Illinois with several retail outlets throughout the City of Chicago and its suburbs.

3.      Although this action was initially filed in the Circuit Court of Cook County, Illinois as a class action, Defendants removed the lawsuit to the United States District Court, Northern District of Illinois, Eastern Division, pursuant to the Class Action Fairness Act of 2005.

4.      Defendant Charter One Bank, National Association also known as and doing business as RBS Citizens, National Association, also maintains retail banking facilities in various other cities and states in the United States.

5.      In 2004, during the Christmas / Hanukkah season, the plaintiff was presented with a gift by mail from a relative. The gift was forwarded to the plaintiff by United States Postal Service. The gift consisted of a plastic debit card #5107362471900246 valid thru 12/05 bearing the word "Master Card" with the Master Card logo and the name "Charter One Bank" and the words "Gift Card" and "Gift Card Customer". The card in its entirety is herein set forth as:





6.      Upon receipt of the card, plaintiff signed the back of the card.  The back of the card states, "This card is the property of Charter One Bank, N.A.  It is non-transferable and can be cancelled at any time without prior notice.  By using the card, the holder agrees to all terms under which it was issued and any amendments thereto."

7.      Robert Green, named Plaintiff herein, believes the gift card was purchased in Cook County, Illinois.  Green's attempted first use of the card, 11 months or more after his receipt of the gift card, was in Cook County, Illinois.  Jurisdiction and venue are appropriately before this Court.

8.      This action is brought as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23.

## FACTS

9.      On information and belief, Plaintiff believes that the purchaser and donor of the gift card purchased the card by opening an account and depositing the amount of the value set forth on an attachment to the card ($30.00) for the benefit of the Plaintiff.

10. On further information and belief, Plaintiff believes the donor / depositor was never informed that the principal amount of her intended gift would be reduced *pro rata* each month thereafter by the Defendant regardless of whether or not, she, the donor, or her intended donee, the Plaintiff ever spent any of the deposited funds. Plaintiff also believes that had the donor been told by the Defendant of its hidden agenda to charge monthly fees on the account she established for the benefit of her intended donee, she never would have opened the account and made the deposit and obtained the "gift card". This is because she would not knowingly inflict embarrassment and emotional pain on her relative or herself were she to find out how her intended benevolence was to ultimately cause the Plaintiff to be embarrassed and emotionally upset upon his being denied the use of the card at the public place where he tried to purchase an item within the amount of the "gift" only to be publicly denied its usage for lack of sufficient funds. Plaintiff believes this to be true of every donor who innocently participated in Defendant's fraudulent gift card scheme.

11. There are no conditions, restrictions, charges, costs or limitations other than the expiration date of the ability to present the plastic card for cash up to the amount of the gift, in this case, $30.00. (nothing states taht any remaining funds on deposit upon the expiration of the usability of the card will result in a forfeiture of the remaining funds belonging to the Plaintiff / donee.)

12.     Plaintiff received the card together with a "Happy Hanukkah" card directly from his relative.[1]

13.     Plaintiff did not receive a copy of Defendant's "CharterOne Master Card Gift Cardholder Agreement" attached to Defendants' FRCP Rule 12(b)6 Memorandum in Support of Its Motion to Dismiss as Exhibit A and attached hereto as Plaintiff's *Exhibit A*, nor was he aware of it until Defendants' motion was filed and served upon his counsel.

14.     No reference to such document is identified on the "gift card" nor is there any reference to a Website where the document could be read or obtained. On information and belief, the document was not available to donor depositors or that any reference was made to it to donor / depositors at the point of purchase in Defendant's bank locations so that they too were unaware of Defendant's "scheme". Moreover, it is unlikely that anyone would make gift of deposited monies if they were informed the gifted monies would periodically shrink and ultimately vanish.

15.     On or about December 20, 2005, Plaintiff utilized the card for the first time. He made a purchase for $13.17. On the same day, Plaintiff attempted another purchase at a bookstore for $15.00. Other persons were around him at the time. the clerk then told him that she was sorry, however, the card did not have sufficient funds

---

[1] Obviously, Plaintiff knows the donor, however, because of the embarrassment and hurt she would feel were she to know of these facts Plaintiff has chosen not to inform her of the details of what has occurred to her intended benevolence and therefore prefers not to name her within this lawsuit.

for the $15.00 purchased. Plaintiff was mortified. He stated sheepishly, "that's impossible", and slowly sought a chair to sit in and recover from his astonishment.

16. On December 21, 2005, Plaintiff called the toll free 888 number for the amount remaining gift credit he had on the gift account, in view of his being denied a purchase with the identifying card in the amount of $15.00 the previous day.

17. At the time he was told that his only purchase was for $13.17. However, his gifted credit balance was only $4.33.

18. Upon further inquiry the Plaintiff was informed for the first time that his gift of $30.00 had been previously debited by the Defendant over the 12 months in the amount of $13.70 to its own accounts for its own purposes.

19. Upon the expiration of the card on December 31, 2005, the Defendant debited the Plaintiff's remaining balance of $4.33 to its account for its own purposes.

20. That all times herein the Defendant was trustee or a constructive trustee, in wither case a fiduciary as to the deposit(s) in its bank by the donors. At all times, Defendant, knew that the monies it took in for the purchase of Plaintiff's and Putative Class Plaintiffs was intended as a gift to a third party donee(s), Plaintiff and Putative Class Plaintiffs.

21. That as a trustee, the Defendant had no right to invade the principal amount of Plaintiff or Putative Class Plaintiffs' gifted funds.

22. That the Defendant, as trustee of Plaintiff's and Putative Class Plaintiffs' funds owed the donee(s), third party beneficiaries of the funds, a fiduciary duty to

protect Plaintiff's and Putative Class Plaintiffs' funds. If anything, Defendants should pay interest on the deposited funds (as well as on the amounts it wrongfully converted to its own use out of each account) until the principal amount of the deposit was exhausted as a result of Plaintiff /Donne's use of the funds.

## CLASS ALLEGATIONS

23. This action is brought pursuant to Federal Rules of Civil Procedure, Rule 23 which provides that a case may be brought as a class action if:

    (1) The class is so numerous that joinder of all members is impracticable.

    (2) There are questions of fact or law common to the class.

    (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

    (4) The representative parties will fairly and adequately protect the interests of the class.
        [FRCP Rule 23].

### Class Definition

24. The Plaintiffs' class definition is as follows:

"Any and all persons and entities who received a "gift card" evidencing an amount of money previously deposited with the Defendant by the donor in an account for the benefit of the donee in the Defendant's bank which Defendant thereafter utilized for its own benefit without the knowledge or consent of the owners of said funds.

### Numerosity

25.  Class adjudication is superior to all other available methods for adjudication of this controversy, in that there are thousands of persons in Illinois and the other states where the Defendant do business who are members of the Plaintiffs' putative class.  The Plaintiffs' class is so numerous that joinder of all members is impracticable.

### Adequacy of Plaintiff

26.  Plaintiff Robert Green's claim is identical to those of the putative class members.  He was not informed that his "gift" would be diminished on a periodic basis if he failed to use the entire gift within the time frame the Defendant was secretly imposing penalties for non-usage, when, at the same time the "gift card" reasonably implied would remain intact and in total until spent by him.  even the expiration date applied only to the use of the card and not to the forfeiture of any remaining balance.  Mr. Green is a businessman who has owned and operated his own insurance brokerage firm for many years wherein he maintains a State of Illinois regulated license without interruption for more than 40 years.

### Adequacy of Counsel

27.  Attorneys for the Plaintiffs are competent, qualified, experienced and generally able to prosecute this action on behalf of the Plaintiffs class, as the attorneys for Plaintiffs have extensive experience successfully prosecuting complex consumer and commercial class action lawsuits.

## Common Questions of Facts and Law

28. Common questions of law or fact include:

(a) Whether the defendant is constructive trustee of all individually opened accounts of deposit specifically designed for the benefit of third party beneficiaries. Does defendant owe plaintiff and class plaintiffs fiduciary duties as to their individual accounts and to their individual deposits made thereto.

(b) Whether the defendant's taking of the deposited monies on individual accounts established for designated third party beneficiaries and using it for its won purposes an unlawful taking.

(c) Whether a fluid form of class relief is uniquely appropriate;

(d) Whether the defendant is being unjustly enriched;

(e) Whether the defendant violated the consumer protection statutes of the States within which wherein it sold the gift cards, created the accounts and accepted the deposits;

(f) Whether the plaintiff and the members of the plaintiff's class are entitled to punitive damages, and, if so, the nature and extent of such damages;

(g) Whether plaintiff and members of the plaintiff's class are entitled to an award of restitution of their wrongfully taken monies intended for their own use and benefit, reasonable attorneys' fees, prejudgment interest, post-judgment interest and costs of suit;

(h) Whether the defendant's practice herein described should be permanently enjoined.

## Representative Party

29. The claims of the representative Plaintiff are typical of the claims of the class. Representative Plaintiff Green, like all the other Putative Class Plaintiffs, is a member / customer of the Defendant.

30. Plaintiff and all members of the Plaintiffs' Class sustained damages. The financial losses of each member of the class have been directly caused by Defendants' wrongful conduct.

31. The representative Plaintiff will fairly and adequately protect the interest of the class, as he is a member of the class. All class members will receive proper, efficient and appropriate protection of their interests by the representative Plaintiff.

## Count I
## Breach of Fiduciary Duty

32. Plaintiff realleges Paragraphs 1 through 31 above as Paragraph 32 of this Count I with the same force and effect as though fully set forth herein.

33. Defendant breached its fiduciary duties to the Plaintiff and the Putative Class Plaintiffs including the remaining deposit with Defendant at the expiration of the valid time for the use of the card.

## Count II
## Constructive Trust

34. Plaintiff realleges Paragraphs 1 through 33 above as Paragraph 34 of this Count I with the same force and effect as though fully set forth herein.

35. Defendant wrongful taking of Plaintiffs' gifted property requires this Court to construct a trust upon all monies wrongfully taken by the Defendant from the Plaintiff and Putative Class Plaintiffs.

## Count III
## Unjust Enrichment

36. Plaintiff realleges Paragraphs 1 through 35 above as Paragraph 36 of this Count I with the same force and effect as though fully set forth herein.

37. Defendant has been unjustly enriched to the extent that they have wrongfully taken Plaintiff's and Putative Class Plaintiffs' monies entitling Plaintiff and Putative Class Plaintiffs to restitution.

## Count IV
## Consumer Fraud and Deceptive Trade Practices Acts

38. Plaintiff realleges Paragraphs 1 through 37 above as Paragraph 38 of this Count I with the same force and effect as though fully set forth herein.

39. There exist within Illinois, Ohio and all other of the States within which the Defendant does business and conducted its wrongful gift card program.

40. That the Consumer Fraud and Deceptive Trace Practices Acts of each of the States differ but not as to the wrongfulness of Defendant's conduct and remedies.

WHEREFORE, Plaintiff respectfully requests:

1) That this Court certify this case as a class;

2) That this Court enter judgment against the Defendant on behalf of the Plaintiff and the Class Members for compensatory damages including the interest on the wrongfully taken funds to the date of disgorgement;

3) That this Court award punitive damages, attorneys fees and costs to the Plaintiff;

4) That the certified class be made up of sub-classes to accommodate the application of each of the relevant States' Consumer Fraud and Deceptive Trace Practices Acts;

5) That the Court appoint Plaintiff's counsel as lead class counsel; and

6) for such other relief as this Court deems appropriate and just under the circumstances.

Plaintiff ROBERT GREEN, individually and on behalf of all others similarly situated,

s/ Robert A. Holstein
_____

Robert A. Holstein
HOLSTEIN LAW OFFICES, LLC
100 West Monroe, Suite 1300
Chicago, Illinois 60603
(312) 906-8000
Atty. No. 38883