IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-1684 |
| CHARTER ONE BANK, NATIONAL ASSOCIATION, a foreign corporation, also known as and doing business as, RBS CITIZENS, NATIONAL ASSOCIATION, foreign corporation, | ) ) ) ) ) ) ) | Judge Gottschall Magistrate Judge Nolan |
| Defendant. | ) | |

**DEFENDANT CHARTER ONE BANK'S REPLY IN SUPPORT OF ITS
FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

The Court should now put an end to plaintiff Robert Green's attempt to recoup gift card fees that he legally owed to Charter One Bank, N.A. Faced with a Fed. R. Civ. P. 12(b)(6) motion, plaintiff needed to show that he possesses legally cognizable claims, but he has done no such thing. Indeed, plaintiff has opted not to file a response to Charter One's motion—even though the Court has given him abundant opportunities to do so. In truth, plaintiff's silence is not surprising given that Charter One's opening brief conclusively demonstrated that plaintiff's claims are deficient. The National Bank Act, under which Charter One operates, permits national banks to collect inactivity fees on gift cards, and the National Bank Act preempts state laws to the contrary. Further, even if one were to put aside the barring effect of the National Bank Act, plaintiff's claims are still fundamentally flawed under state law. Stated simply, the Court should dismiss the complaint because it fails to state a claim upon which relief can be granted.

### A. Plaintiff Has Not Filed A Response Opposing Charter One's Motion To Dismiss.

Plaintiff has failed to respond to Charter One's motion even though the Court has granted him ample opportunities to do so. As this Court knows, plaintiff has asked for, and received, several extensions in this case, so he has no reasonable excuse for failing to respond to the motion. First, in response to defendants'[1] initial motion to dismiss, plaintiff asked the Court to grant him an additional fifty-six days to respond to the motion. (Mot. for Enlargement of Time, Apr. 4, 2008, Dkt. No. 13.) Plaintiff asserted that his counsel was a busy sole practitioner and needed the additional time to conduct discovery before filing a response to the motion. (*Id.*) The Court denied plaintiff's motion when counsel failed to appear at the hearing noticed by him. (Minute Order, Apr. 10, 2008, Dkt. No. 17.)

On April 18, 2008, plaintiff filed a second request for an extension to allow him to conduct discovery before responding to the motion to dismiss. (Pl.'s Second Mot. for Enlargement of Time, Apr. 18, 2008, Dkt. No. 18.) Although the Court denied plaintiff's request for discovery, the Court granted plaintiff a month extension to respond to defendants' motion. (Minute Order, Apr. 24, 2008, Dkt. No. 20.)

Eventually, plaintiff filed a response to defendants' initial motion to dismiss. (Pl.'s Opp. to Defs.' Mot. to Dismiss, May 22, 2008, Dkt. No. 21.) On the same day, however, plaintiff filed a motion for leave to file an amended complaint, which the Court subsequently granted, thereby requiring the parties to begin the motion to dismiss process anew. (Pl.'s Mot. for Leave to File Am. Compl., May 22, 2008, Dkt. No. 23; Minute Order, June 12, 2008, Dkt. No. 26.) The Court ordered defendant to file its renewed motion to dismiss by June 26, 2008,

---

[1] Plaintiff's initial complaint asserted claims against Charter One Bank and Citizens Financial Group.

2

and plaintiff to file its response on July 17, 2008.[2] (Minute Order, June 12, 2008, Dkt. No. 26; Minute Order, June 19, 2008, Dkt. No. 27.)

In accordance with the Court's order, Charter One filed its motion to dismiss on June 26, 2008. (Def.'s Mot. to Dismiss, June 26, 2008, Dkt. No. 29.) But plaintiff did not file a response on July 17, 2008. Rather, approximately one week after the Court-imposed deadline, plaintiff asked defendant to agree to another extension of time for plaintiff to respond. Defendant agreed, and on July 25, 2008, plaintiff moved for an additional two and a half weeks (until August 12, 2008) to respond to defendant's motion to dismiss. (Pl.'s Unopposed Mot. for Extension of Time, July 25, 2008, Dkt. No. 31.) (Plaintiff's extension motion did not offer any reason for failing to meet the July 17, 2008 deadline, other than to state that its counsel was an extremely busy sole practitioner. (*Id.*)) The Court granted plaintiff's motion and directed plaintiff to respond to defendant's motion on or before August 14, 2008. (Minute Order, July 31, 2008, Dkt. No. 33.)

The latest Court-ordered deadline has come and gone, but plaintiff still has not responded to the motion to dismiss. Given plaintiff's repeated failings, Charter One asks the Court to deem the motion to dismiss briefing complete and render a decision on the motion.

**B.     Plaintiff's Complaint Is Legally Flawed And Deserves To Be Dismissed.**

As set forth more fully in defendant's opening brief, the National Bank Act permits national banks—such as Charter One—to collect inactivity fees on gift cards and the National Bank Act preempts any state law to the contrary. *Watters v. Wachovia Bank, N.A.,* 127 S. Ct. 1559, 1567 (2007) (*citing Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 10 (2003) (recognizing that national banks are subject to state laws only to the extent that state law does not

---

[2]    Plaintiff did not name Citizens Financial Group as a defendant in the amended complaint.

conflict "with the letter or the general purposes of the [National Bank Act]")). Here, each of plaintiff's claims is based (incorrectly) on a state law that allegedly prohibits Charter One from collecting inactivity fees. Accordingly, the National Bank Act preempts each of plaintiff's claims and, therefore, the Court should dismiss plaintiff's complaint in its entirety.

Moreover, plaintiff's claims would fail even if the National Bank Act did not preempt the claims. First, the written contract governing the parties' relationship expressly authorizes Charter One to collect inactivity fees on its gift cards. Second, plaintiff's breach of fiduciary duty claim is flawed because (1) a fiduciary relationship does not exist between the parties and (2) the economic loss doctrine bars recovery on any such claim. Third, plaintiff's unjust enrichment claim fails because the existence of an express contract precludes plaintiff from recovering on a quasi-contractual claim such as unjust enrichment. Fourth, plaintiff fails to state a claim for any violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act because the complaint's allegations do not meet the heightened pleading standards required for such a claim. Accordingly, even if the National Bank Act did not preempt plaintiff's state law claims (which it does), this Court should still dismiss plaintiff's complaint.

## CONCLUSION

For the reasons set forth above and in the opening brief, defendant Charter One respectfully asks this Court to grant its motion and dismiss plaintiff's amended complaint with prejudice.

| | |
|---|---|
| Date:  August 22, 2008 | Respectfully submitted, |
| |     s/Sarah P. Herlihy |
| | Barry E. Fields, P.C. |
| | bfields@kirkland.com |
| | Michael D. Foster |
| | mfoster@kirkland.com |
| | Sarah P. Herlihy |
| | sherlihy@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 200 East Randolph Drive |
| | Chicago, Illinois 60601 |
| | Tel:  (312) 861-2000 |
| | Fax:  (312) 861-2200 |
| | |
| | *Attorneys for Defendant Charter One Bank, National Association* |

## CERTIFICATE OF SERVICE

   I, Sarah P. Herlihy, an attorney at Kirkland & Ellis LLP, hereby certify that on August 22, 2008, I caused a true and correct copy of Defendant Charter One Bank's Reply in Support of Its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to be served upon the following counsel of record via the Court's electronic filing system and U.S. Mail, first-class postage prepaid:

     Robert A. Holstein
     HOLSTEIN LAW OFFICES, LLC
     19 S. LaSalle Street, Suite 1500
     Chicago, Illinois 60603
     Tel: (312) 906-8000


          s/Sarah P. Herlihy
          Sarah P. Herlihy