UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1684 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CHARTER ONE BANK, N.A., | ) | |
| d/b/a RBS CITIZENS, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

This is a putative class action relating to defendant Charter One Bank, N.A.'s assessment of inactivity fees on gift cards it issued, brought by Robert Green, the recipient by gift of one such card. The court previously granted partial dismissal of Green's amended class action complaint, with leave to re-plead. (*See* Doc. No. 46 ("Op.").) This matter is presently before the court on Charter One's motion to dismiss Green's Second Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. ALLEGATIONS

Green alleges that he received a Charter One gift card during the holidays in 2004. (Compl. ¶ 5.) Immediately upon receipt, Green signed the back of the card, *id.* ¶ 6, but he did not attempt to use the card until December 2005. (*Id.* ¶ 15.) According to Green, the gift card originally had a $30.00 balance, but after spending $13.17, he was left with a balance of just $4.33. (*Id.* ¶¶ 11, 15, 17.) Green alleges that Charter One deducted the missing $12.50 in the form of fees, which, according to Green, it wrongfully kept. (*Id.* ¶ 18.)

## II. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). In resolving a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1040 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint that, on its face, establishes federal preemption is properly dismissed pursuant to Rule 12(b)(6). *See Currie v. Diamond Mortgage Corp. of Ill.*, 859 F.2d 1538, 1542 (7th Cir. 1988).

## III. ANALYSIS

As it did in its previous motion to dismiss, Charter One argues that it was entitled to impose the alleged fees by the National Bank Act (the "NBA"), 12 Stat. 665 (1864), enacted as amended at 12 U.S.C. § 21 *et seq.* (2006), which, according to Charter One, preempts Green's state-law claims. In its previous opinion, the court noted that the NBA vests banks with "all such incidental powers as shall be necessary to carry on the business of banking," 12 U.S.C. § 24 (Seventh), which, according to the NBA's regulations, include the power to offer gift cards and to impose fees on customers. *See* 12 C.F.R. § 7.5002(a) (3); *see also id.* § 7.4002(a)&(d); *SPGGC, LLC v. Blumenthal*, 505 F.3d 183,

189 (2d Cir. 2007). The court also noted substantial authority holding that the NBA's regulations, in allowing national banks to impose fees, preempted state-law claims arising from such imposition. *See* Op. 4-5; *see also SPGGC, LLC v. Ayotte*, 488 F.3d 525, 532 (1st Cir. 2007); *accord Blumenthal*, 505 F.3d at 189; *cf. Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1038 (9th Cir. 2008). Assuming that the NBA and its regulations allowed Charter One to impose the fees it did (an assumption discussed more fully within), the parties present no reason to treat this case differently from those that have found state-law claims arising from a national bank's fees to be preempted by the NBA. Allowing state-law suits arising from the same conduct specifically allowed by federal law would enable states to forbid or significantly impair conduct permitted by federal law and thereby undermine the supremacy of federal law. *Rose*, 513 F.3d at 1037. State-law suits arising from the imposition of fees allowed under the NBA and its regulations are preempted.

That leaves the question of whether the fees that Charter One allegedly collected were in fact allowed by NBA regulations. Neither party discussed this issue in briefing on the previous motion. The court found that regulations authorize the imposition of fees only on "customers," and that, based upon the briefing previously provided, Green was not a customer until he used the gift card, meaning pre-use fees were not permitted. (Op. 7.)

The parties more fully discuss the meaning of "customer" in this round of briefing, and their discussion dictates a different result. As previously noted, the relevant regulatory authority defines "customer" as "any party that obtains a product or service from the bank." Comptroller of the Currency, Interpretive Letter No. 934 at 2 n.5 (Aug.

20, 2001), *available at* http://www.occ.treas.gov/interp/may02/int934.pdf.[1] Here, Charter One argues that even if Green did not become a Charter One customer until he used the gift card in December 2005, the purchaser of the gift card, Green's unidentified relative, became a customer upon purchase.

Green recognizes this point, but he does not answer it, instead repeating that *he* was a customer but was not so until his first purchase. There is no dispute that Green was a customer when he first made a purchase, and the court has previously determined that he was not a customer before he made a purchase. The open question, however, is whether the purchaser of the gift card could also be Charter One's customer. This gets to the somewhat unique nature of gift cards in the context of banking–one person buys a gift, the other person uses it. Other customers of banks–most persons that establish checking and savings accounts, businesses that take out loans, and mortgagors–tend to use the banks for their own purposes, and do not establish the sequential relationship that exists between gift card purchasers and users.[2]

The court concludes that both the purchaser and the end user of a gift card are customers. As a strict textual matter, a purchaser "obtains a product"–the gift card–from the bank, and so is a "customer." In this case at least, the purchaser then gives a gift card to the end user, who "obtains a . . . service" from the bank by using the gift card, and so is also a customer. A purchaser also appears to be a "customer" as a matter of broader regulatory construction. The parties identify no statutory provision regarding "non-

---

[1] Neither party has addressed the degree of deference to be granted Office of the Comptroller of the Currency's definition of "customer," which that agency issued in an interpretive letter but not in a final rule. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *see also United States v. Mead Corp.*, 533 U.S. 218, 226 (2001). Whatever the deference to be granted, the court finds the definition quoted above to be reasonable and consistent with a common understanding of "customer."

[2] Exceptions, in addition to gift card purchasers and users, include parties to custodial accounts and trusts.

customers," or regarding some other class of persons that, while not customers, have a relationship with the bank. Put differently, if the purchaser of Green's gift card was not a customer of the bank, what exactly was she?

A practical consideration counsels the same result. If the purchaser found a defect in the gift card before giving it to the end user, or found out that the end user had no use for the gift card, then the purchaser may have tried to return the card, much the way the customer of a retail store might try to return one of that store's products. Moreover, a rule that only the user of a gift card is the issuing bank's customer and that user only becomes a customer upon first use of the gift card, is untenable. If a purchaser bought a gift card but never gave it away, and never used it, the issuer of that gift card would be required to administer an unused account, potentially endlessly, simply because the card had never been used.[3]

Because the purchaser of Green's gift card was a "customer" of Charter One, the NBA's regulations entitled Charter One to impose certain fees on the purchaser's gift card from the moment the purchaser bought the gift card. Because federal law permitted Charter One's conduct as alleged, Green's state-law claims are preempted, and Charter One is entitled to dismissal of Green's second amended complaint.[4]

---

[3] The court recognizes that the time-value of money may mean that banks profit from every day in which the prepaid balance of a gift card is unused by a gift card user because they can put the money to other uses, meaning that their administrative costs in maintaining the account may be offset by what amounts to an interest-free loan from the purchaser of the card.

[4] Since the parties completed briefing on this case, the Supreme Court issued its opinion in *Cuomo v. Clearing House Association, L.L.C.*, 557 U.S. ----, 129 S. Ct. 2710 (2009). The Court's opinion in *Clearing House Association* discussed the NBA's preemption of state law enforcement actions. The Court specifically held that an Office of the Comptroller of the Currency regulation, which preempted the state attorney general's power to bring an action against a national bank to enforce state law, was an unreasonable interpretation of the NBA. *Id.*, 557 U.S. ----, 129 S. Ct. at 2721. The opinion does not address the NBA's preemptive scope generally or the NBA's preemption of state-law limitations on a national bank's assessment of authorized fees. Neither party submitted the *Clearing House Association* opinion as new authority on point, and the court does not find it to be so.

## IV. CONCLUSION

For the reasons stated above, Charter One's motion to dismiss is granted.[5]

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 16, 2010

---

[5] Because the court dismisses Green's Second Amended Class Action Complaint on grounds of federal preemption, it need not reach Charter One's remaining asserted grounds for dismissal, which include the expiration of a purported contractual limitations period and the failure to state claims under state-law tort causes of action.